IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| VERONICA MARROW, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO.  5:10-cv-00839 |
| v. | § | |
| | § | |
| GENUINE PARTS COMPANY D/B/A NAPA | § | |
| AUTO PARTS, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

COMES NOW Defendant Genuine Parts Company d/b/a NAPA Auto Parts (hereinafter "NAPA" or "Defendant"), by and through undersigned counsel, and hereby files this its Notice of Removal of this action. Defendant states the following in support of its Notice of Removal:

1.    Defendant desires to exercise its rights pursuant to 28 U.S.C. § 1441 *et. seq.* to remove this action from the County Court at Law No. 5, Bexar County, Texas where it is now pending, to the United States District Court for the Western District of Texas.

2.    On February 16, 2010, Plaintiff Veronica Marrow commenced an action against Defendant entitled *Veronica Marrow v. Genuine Parts Company a/k/a NAPA Auto Parts,* Cause No. 356691, in the County Court at Law No. 5, Bexar County, Texas. In her Complaint, Plaintiff asserted claims allegedly arising out of her employment with Defendant, but did not assert the amount of damages to which she claimed to be entitled in connection therewith.

3.    Defendant has now learned that the amount sought by Plaintiff for alleged damages in this action exceeds the sum of $75,000.00. Defendant was not able to ascertain this information until Defendant received Plaintiff's settlement demand dated September 15, 2010, which establishes that the amount in controversy exceeds the sum of $75,000.00, exclusive of

costs and interest. (*See* Correspondence of Adam Poncio, Plaintiff's counsel, to counsel for Defendant, Larry Simmons and Suzanne Deddish, attached hereto and marked as Exhibit 1).

4.     This action is between citizens of different states. NAPA is a corporation which was at the time this action was commenced and is incorporated in the State of Georgia. NAPA's principal place of business was at the time this action was commenced and is in Atlanta, Georgia. Thus, NAPA was at the time this action was commenced and is a citizen of the State of Georgia. Plaintiff was, at the time this action was commenced, and is a citizen of the State of Texas.

5.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) and this action is now one that may be removed to this Court by Petitioner, Defendant herein, pursuant to the provisions of 28 U.S.C. § 1441 *et seq.*, in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

6.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after receipt by Defendant of the information through which it was able to ascertain that the action is one which has become removable pursuant to 28 U.S.C. § 1332 and is filed within one (1) year of the commencement of the action.

7.     For the foregoing reasons and premises, Defendant desires and is entitled to have this cause removed from the County Court at Law No. 5, Bexar County, Texas where it is now pending, to the United States District Court for the Western District of Texas, such being the federal district where said suit is pending.

8.     Pursuant to 28 U.S.C. § 1446(a), Defendant provides, attaches herewith and incorporates by reference copies of all process, pleadings and orders served on Defendant to date, including: the Summons and Plaintiff's Original Petition; Order Granting Patricia E. Simon's

Motion for Admission *Pro Hac Vice;* Order Granting Suzanne E. Deddish's Motion for Admission *Pro Hac Vice*; and Plaintiff's First Amended Petition[1], attached hereto as Exhibits 2 through 5, respectively.

9.      For the convenience of the Court, Defendant further attaches herewith and incorporates by reference a certified copy of the case docket in this matter from the County Court at Law No. 5, Bexar County, Texas, as well as copies of the additional pleadings served on Plaintiff in this case, including: Defendant's Original Answer Affirmative Defenses & Special Exception; Patricia E. Simon's Motion for Admission *Pro Hac Vice*;  Motion in Support of Patricia E. Simon's Motion for Admission *Pro Hac Vice*; Suzanne E. Deddish's Motion for Admission *Pro Hac Vice*; and Motion in Support of Suzanne E. Deddish's Motion for Admission *Pro Hac Vice*, attached hereto as Exhibits 6 through 11, respectively.

10.      Defendant further attaches herewith and incorporates by reference the Civil Cover Sheet and Supplement to JS 44 Civil Cover Sheet, attached hereto as Exhibits 12 and 13, respectively.

11.      This Notice of Removal has been served upon Plaintiff through her counsel of record by mail and a Notice of Filing Notice of Removal is being promptly filed with the Clerk of the County Court at Law No. 5, Bexar County, Texas, pursuant to 28 U.S.C. § 1446(d).

12.      By filing this Notice of Removal, Defendant does not concede that Plaintiff is entitled to any of the damages pled, including those damages referenced herein.  To the contrary, the damages referenced herein are those which are alleged in connection with Plaintiff's Petition and settlement correspondence to be "in controversy."

---

[1]     The Plaintiff's First Amended Petition was served on Defendant on October 13, 2010, but the Bexar County Clerk's office has no record of it being filed as of October 15, 2010.

13.     By filing this Notice of Removal, Defendant has not and does not waive any defenses it might assert or its right to bring any application anywhere in relation to this litigation or its subject matter.

WHEREFORE, Defendant prays that this action be removed to this Court and this Court accept jurisdiction of this action in its entirety and henceforth that this action be placed on the docket of the Court for further proceedings, the same as though this action originally had been instituted in this Court.

Respectfully submitted this 15TH day of October, 2010.

GERMER GERTZ, L.L.P.

_Chris A. Blackerby /s/_
Chris A. Blackerby, Esq.
State Bar No. 00787091
Larry J. Simmons, Esq.
State Bar No. 00789628
550 Fannin, Suite 400
Beaumont, Texas 77701
Telephone:    (409) 813-8033
Facsimile:   (409) 835-2115
E-mail: ljsimmons@germer.com

- and -

MARTENSON, HASBROUCK & SIMON LLP
Patricia E. Simon, Esq.
Georgia Bar No. 618233
Suzanne E. Deddish, Esq.
Georgia Bar No. 215645
3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326
Telephone:    (404) 909-8100
Facsimile:    (404) 909-8120
E-mail:  pesimon@martensonlaw.com
             sededdish@martensonlaw.com

*Attorneys for Defendant Genuine Parts Company d/b/a NAPA Auto Parts*

4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| VERONICA MARROW, §<br>§<br>Plaintiff, §<br>v. §<br>§<br>GENUINE PARTS COMPANY D/B/A NAPA §<br>AUTO PARTS, §<br>§<br>Defendant. § | CIVIL ACTION NO. 5:10-CV-00839 |

## CERTIFICATE OF SERVICE

This is to certify that on the 15th day of October, 2010 a true and correct copy of the foregoing document entitled **DEFENDANT'S NOTICE OF REMOVAL** was served upon all counsel of record as indicated below:

Adam Poncio, Esq.　　　　　　　　　[X] U.S. Mail
PONCIO LAW OFFICES　　　　　　　[ ] Hand Delivery
A Professional Corporation　　　　　　[ ] Overnight Delivery
5410 Fredericksburg Road, Suite 109　[X] Certified
San Antonio, Texas 78229-3550　　　　[ ] Fax
　　　　　　　　　　　　　　　　　　[X] ECF – USDC Western District of Texas

Valerie L. Mawi
VALERIE L. MAWI, P.C.
5314 CR 465
McKinney, TX 75071

　　　　　　　　　　　　　_Chris A. Blackerby  /s/_____
　　　　　　　　　　　　　Chris A. Blackerby